RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
CHLOE S. CHANG, CA Bar No. 321007
chloe.chang@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Attorneys for Defendant
TAO MOTOR, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL BARBA, an individual<br><br>       Plaintiff,<br><br>       v.<br><br>TAO MOTOR, INC.; and DOES 1 through 50,<br><br>       Defendants. | Case No. <u>5:21-cv-668</u><br><br>**DEFENDANT TAO MOTOR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of David Garibyan, Ryan H. Crosner in Support of Removal]*<br><br>Complaint Filed: January 20, 2021<br>Trial Date:     None<br>District Judge:   Hon.<br>               Courtroom<br>Magistrate Judge:Hon.<br>               Courtroom |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ANGEL BARBA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Tao Motor, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant states as follows:

**I.      THE STATE COURT ACTION**

1.      Plaintiff Angel Barba ("Plaintiff") initiated this civil action in the Superior Court of San Bernardino, State of California, on or about January 20, 2021, when he filed the Complaint ("Superior Court Action"). The action was assigned Case No. CIVSB2102643. In the Complaint, Plaintiff alleges causes of action for (1) Disability Discrimination in Violation of the FEHA; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; and (4) Wrongful Termination.

2.      In compliance with 28 U.S.C. section 1446(a), attached to this Notice as exhibits are all process, pleadings, and orders filed in this action, specifically:

-      **Exhibit A** – Complaint;

-      **Exhibit B** – Summons;

-      **Exhibit C** – Civil Case Cover Sheet;

-      **Exhibit D** – Certificate of Assignment;

-      **Exhibit E** – Proof of Service of Summons (filed in the Superior Court of San Bernardino, State of California on March 22, 2021).

-      **Exhibit F** – Notice of Hearing; and

- **Exhibit G** - Defendant's Answer to Complaint (filed in the Superior Court of San Bernardino, State of California on April 14, 2021)

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of San Bernardino, State of California or served by any party.

## II.   TIMELINESS OF REMOVAL

3.     Plaintiff caused the Complaint to be filed on January 20, 2021. (Declaration of Ryan H. Crosner ("Crosner Decl."), ¶ 3).  Upon information and belief, on or about March 16, 2021, Defendant, through its agent for service of process, was served with the Summons and Complaint.  (*Id.*)

4.     On April 14, 2021, Defendant filed its Answer to the Complaint. (Crosner Decl., ¶ 4.)

5.     This Notice of Removal is timely filed as it is filed within 30 days of the effective date of service of the Summons and Complaint on Defendant, i.e., within 30 days of March 16, 2021.  (Crosner Decl., ¶ 5); 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

## III.   THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED UPON DIVERSITY OF CITIZENSHIP

6.     "Any civil action" commenced in state court is removable if it might have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a), (b).  To remove a case to federal court on diversity grounds, two elements must be met: (1) complete diversity must exist between the parties, i.e., plaintiffs and defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.

7.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by the Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action that is between citizens of different states and where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

**A.      Complete Diversity of Citizenship Exists Between the Parties.**

**1.      Plaintiff Is A Citizen of California.**

8.      For diversity purposes, an individual's citizenship is determined by the individual's domicile.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11cv163-L (BNL), 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (place of residence provides prima facie case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).  Plaintiff sets forth in the Complaint that at all relevant times, Plaintiff was an individual residing in the County of Riverside, which is located in the State of California.  (*See* Ex. A, Compl. ¶ 1.)  The Complaint references time periods from October 12, 2020 to December 2020.  (*See* Ex. A, Compl. ¶ 11.)  Accordingly, the preponderance of the evidence demonstrates that at the time the Complaint was filed and as of this removal, Plaintiff not only resided in California but was also domiciled there.  Thus, Plaintiff is a citizen of the state of California.

**2.      Defendant is a Citizen of Texas.**

9.      Defendant is a corporation.  (Ex. A, Compl. ¶ 2; (Declaration of David Garibyan ("Garibyan Decl."), ¶ 3)).  "A corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has

3                        Case No. _____

its principal place of business . . ." 28 U.S.C. § 1332(c).  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend,* 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id*. at 93*; see also Montrose Chem. v. Am. Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

10.     Defendant is, and was at all times relevant to this action, a corporation formed under the laws of the State of Texas.  (Garibyan Decl., ¶ 3.)

11.     Defendant's corporate headquarters are, and were at all times relevant to this action, located in Texas.  (Garibyan Decl., ¶ 4.)

12.     Defendant's principal place of business, and location from which its executive and senior management personnel and primary management operations direct, control, and coordinate the corporation's activities, is, and was at all times relevant to this action, located in Carrollton, Texas.  (Garibyan Decl., ¶ 5.) Defendant houses its corporate resolutions in the State of Texas.  (*Id*.)  The majority of Defendant's Executive Officers primarily work out of offices located in the State of Texas.  (*Id*.)

13.     Defendant, by and through its high-ranking officers, whose offices are located in the State of Texas, direct, control and coordinate activities, which include

Case No. _____

DEFENDANT TAO MOTOR, INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

46688302_1.docx

the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing; (3) final decisions with respect to directing general business and operations; (4) compliance with state and federal laws and legal services associated with such matters; (5) the size and composition of Defendant's workforce; and (6) Defendant's IT functions.  (Garibyan Decl., ¶ 6.)  The books and records relating to these and other matters, which are directed, controlled, and coordinated from the headquarters office in Texas, are maintained at that office. (*Id*.)

14.     Accordingly, Defendant is, and was at all times relevant to the Complaint and this Removal, a citizen of the State of Texas, not California.

15.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co*., 157 F.3d 686 (9th Cir. 1998).  As such, Plaintiff's inclusion of DOES 1 through 50 in the Complaint cannot defeat diversity jurisdiction.

16.     Thus, the parties are completely diverse in this matter because Plaintiff is a citizen of California, and Defendant is a citizen of Texas.

## B.     <u>The Amount in Controversy Exceeds $75,000</u>

17.     The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy.  Pub. L. 112-63, Title II, § 205.  Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").

18.     The U.S. Supreme Court held that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).  The Ninth Circuit has also

rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum"). If the state court complaint expressly seeks more than $75,000, removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 402 (9th Cir. 1996). Here, because Plaintiff instituted the case in state court, there is a strong presumption Plaintiff did not inflate the claim to support removal. *Id.* Plaintiff seeks damages including: loss in earnings and other benefits (*see* Exhibit A, Compl. ¶¶ 24, 30, 34, and 38), emotional distress (¶¶ 25, 31, and 34), punitive damages (¶¶ 26 and 39), and attorneys' fees and costs (*id.*, ¶¶ 26, 31, 35, and 38). Additionally, in the Prayer for Relief, Plaintiff seeks general damages, special damages, punitive damages, compensatory damages, exemplary damages, emotional distress damages, attorneys' fees, and costs of suit. (*See* Compl., Prayer at 7-8.) Indeed, Plaintiff's prayer for relief explicitly demonstrates that over $75,000 is at issue in this matter. (*Id.*) This alone is enough to satisfy the amount-in-controversy threshold. *See In re Brosseau*, No. 10-cv-02526-REB-CBS, 2010 WL 5313765 at *2 (D. Colo. Dec. 17, 2010) (finding amount-in-controversy requirement satisfied given that plaintiff's "prayer for relief in its petition demonstrates explicitly that well over 75,000 dollars is at issue in this case").

19.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). The amount in controversy can be determined by considering the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co*., 465 F.2d 489, 491 (9th Cir. 1972).  Based on Plaintiff's allegations, the amount in controversy is more likely than not to exceed the sum or value of $75,000.  Plaintiff seeks damages including: back pay, front pay, and all other appropriate remedies.  (*See* Ex. A, Compl. ¶ 38).  Additionally, in the Prayer for Relief, Plaintiff seeks general damages, special damages, compensatory damages, punitive damages, emotional distress damages, attorneys' fees, and costs of suit.  (*See* Ex. A, Compl. at 7-8).

20.     Based on a conservative, good faith estimate of the value of the claims asserted in the Complaint, Plaintiff seeks recovery in excess of $75,000, the minimum amount required for diversity jurisdiction.

### (a)     Plaintiff's Potential Alleged Lost Wages Exceed $108,500[1]

21.     **Back Pay**.  Plaintiff's last day of employment with Defendant was on or about December 2020.  (*See* Exhibit A, Compl. ¶ 11.)  On or about December 4, 2020, when Plaintiff's employment with Defendant came to a conclusion, Plaintiff's hourly wage was $15.50/hour.  (Garibyan Decl., ¶ 11.)  Based on his wage statements, Plaintiff earned approximately $620 in earnings per week.  (*Id*.)  Defendant denies that Plaintiff is entitled to recover any damages; however, if he is able to recover back wages from his last date of employment until the present (19 weeks), the amount of back pay is $11,780.  If the case proceeds to trial in April 2022, a year from the date of removal, and Plaintiff remains unemployed, he would likely seek at least an additional 52 weeks of lost wages ($32,240).  Plaintiff's back

---

[1] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Case No. _____

46688302_1.docx

wages through trial would thus be estimated to be $44,020.

22.   **Front pay.**  Front pay awards in California frequently span a number of years.  *See, e.g., Bihun v. AT&T Information Systems, Inc*., 13 Cal. App. 4th 976, 996-97 (1993) (in an action brought by the plaintiff under FEHA, court affirmed front pay award that compensated plaintiff for the remainder of his entire working life) (disapproved on other grounds in *Lakin v. Watkins Associated Indus*., 6 Cal. 4th 644 (1993)); *Horsford v. Board Of Trustees Of Cal. State Univ*., 132 Cal. App. 4th 359, 389 (2005) (in an action brought by the plaintiff under FEHA, court upheld front pay award that compensated plaintiff for two years); *Hope v. Cal. Youth Aut*., 134 Cal. App. 4th 577, 594 (2005) (in an action brought by the plaintiff under FEHA, court affirmed award of future earnings losses until retirement for 40-year-old employee who worked for the employer for six years despite severe or pervasive harassment).  Like the plaintiffs in *Bihun, Horsford* and *Hope*, Plaintiff brings his action under FEHA.  Assuming that Plaintiff will demand at least two years of front pay following trial, his estimated front pay damages are $64,480.

23.   A reasonable estimate of Plaintiff's demand for back pay through trial ($44,020) and front pay for two years after trial ($64,480) is **$108,500**, which is in excess of the minimum amount in controversy.

### (b)   Plaintiff's Potential Alleged Emotional Distress and Mental Anguish Damages Exceed $75,000

24.   Plaintiff claims damages for emotional distress.  A review of jury verdicts in California, attached as Exhibits 1(a)-(c) to the Declaration of Ryan H. Crosner filed with this Removal, demonstrates that emotional distress awards in disability discrimination and wrongful termination cases commonly exceed $75,000. While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial."

8

Case No. _____

46688302_1.docx

*Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold: *Navarro v. DHL Global Forwarding*, No. 2:15CV05510, 2017 WL 3503541 (C.D. Cal. May 22, 2017) ($765,000 for non-economic damages where plaintiff alleged he was discriminated against and wrongfully terminated because of his disability); *Betson v. Rite Aid Corp.*, No. BC427992, 2011 WL 3606913 (Cal. Super. Ct. May 27, 2011) ($500,000 for non-economic damages where plaintiff alleged that after she returned from medical leave, employer made negative disability-related comments towards her); *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, No. RIC352666, 2003 WL 24304125 (Cal. Super. Ct. October 16, 2003) ($300,000 for non-economic damages where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation).  (Crosner Decl., ¶ 6 Ex. 1 (a)-(c).)

25.    Here, the Complaint alleges that Defendant wrongfully terminated Plaintiff due to "his association with, and requirement to take care of, his disabled mother during a very difficult time." (*See* Exhibit A, Compl. ¶ 20.)  Although Defendant denies that it subjected Plaintiff to any adverse employment action, or any such alleged conduct, the allegations and damages awarded in other California cases show that, if the fact-finder believes Plaintiff, which it should not, then emotional distress damages, at the time of removal, exceed $75,000.

### (c)    Plaintiff's Request for Exemplary Damages Exceeds $75,000

26.    The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and*

9

46688302_1.docx

*Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co*., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

27.     Punitive damages may be substantial and in some cases even exceed the amount in controversy.  Courts have affirmed jury verdicts exceeding one million dollars in punitive damages in alleged wrongful termination cases.  *See, e.g., Juarez v. AutoZone Stores, Inc*., No. 3:08CV00417, 2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) (awarding $185,000,000 in punitive damages in case involving claims of wrongful termination, among other claims); *Rodriguez v. Valley Vista Services, Inc*., No. BC473793, 2013 WL 2102714 (Cal. Super. Ct. Feb. 15, 2013) (awarding $16,570,261 in punitive damages to plaintiff claiming that her employers discriminated against her because of her disability and terminated her rather than accommodating her disability).  (Crosner Decl., ¶ 6, Ex. 1(d)-(e).)  Indeed, the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."  *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

28.     These cases show that, if the fact-finder believes Plaintiff, the potential for an exemplary damages award in excess of this court's jurisdictional minimum strongly exists.  *See Haase v. Aerodynamics Inc*., No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. Oct. 19, 2009) (in an action brought under FEHA, the court ruled that even a minimum award of punitive damages would satisfy the jurisdictional requirement).  Therefore, in addition to Plaintiff's special and general damages discussed above, Plaintiff's prayer for punitive damages demonstrates that the amount in controversy exceeds $75,000.

Case No. _____

**(d)   It Is More Likely Than Not That Attorney's Fees for Bringing a FEHA Claim to Trial Will Exceed $75,000**

29.   The Court may consider attorney fees when determining the amount in controversy in a FEHA case.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (2002); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").  Courts within the Ninth Circuit have recognized that "attorneys' fees in individual discrimination cases often exceed the damages." *See Simmons*, 209 F. Supp. 2d at 1035.

30.   Courts in California have awarded attorneys' fees and costs in FEHA cases that far exceed $75,000.  In *Morales v. Los Angeles County Metropolitan Transportation Authority*, No. BC339557, 2008 WL 5641565 (Cal. Super. Ct. August 1, 2008), a jury awarded a plaintiff $998,987 on his disability discrimination, retaliation, failure to provide accommodation, and wrongful termination claims, and $1,144,150 in attorneys' fees.  (Crosner Decl., ¶ 6, Ex. 1(f).)  In *Mayo v. Cmty. Dev. Comm'n of the Cnty. of Los Angeles*, No. BC 486184, 2014 WL 10105588 (Cal. Super. Ct. Nov. 6, 2014), the plaintiff alleged she was discriminated against because of a disability.  After a jury verdict in her favor, the plaintiff received attorneys' fees for $613,743.  (Crosner Decl., ¶ 6, Ex. 1(g).).  Like *Morales* and *Mayo*, Plaintiff also alleged a FEHA disability discrimination cause of action, for which he seeks attorneys' fees.  Further, he alleges additional causes of action in violation of FEHA, for which he also seeks attorneys' fees: failure to accommodate and failure to engage in the interactive process.  Thus, the cases cited above and Plaintiff's demand for attorney's fees and costs shows that the amount in controversy vastly exceeds $75,000.

## IV.   <u>NO JOINDER IS REQUIRED</u>

31.   Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988).

11

46688302_1.docx

V. **VENUE**

32.     Venue is proper in this Court because this action was originally filed in the Superior Court of the State of California for the County of San Bernardino, located within the District and Division of the Court.  28 U.S.C. §§ 84(c), 1441(a).

VI.   **REMOVAL IS TIMELY**

33.     As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint. (*See* Crosner Decl. ¶ 5).

VII.   **NOTICE OF REMOVAL TO PLAINTIFF**

34.     As required by 28 U.S.C. § 1446(d), Defendant will provide notice of this Removal to Plaintiff through his attorneys of record.  As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of San Bernardino.

WHEREFORE, Defendant removes this action to this Court.

DATED: April 15, 2021                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Chloe S. Chang
     Ryan H. Crosner
     Chloe S. Chang

Attorneys for Defendant
TAO MOTOR, INC.

46688302_1.docx